No. 406 June 12, 2024 267

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SABAHUDIN NUHANOVIC,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR64118; A177464

Benjamin N. Souede, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

## HELLMAN, J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) and driving while suspended or revoked. In his assignment of error, he argues that the trial court erred by denying his motion to suppress incriminating statements that he made after a police officer gave him *Miranda* warnings and questioned him.[1] We conclude that sufficient evidence in the record supported the trial court's findings and that its conclusions of law based on those findings were correct. We therefore affirm.

We review a trial court's determination of whether a defendant validly waived their *Miranda* rights for legal error. *State v. Lunacolorado*, 238 Or App 691, 693, 243 P3d 125 (2010), *rev den*, 350 Or 530 (2011). We are bound by that court's "express or implicit findings of historical fact if they are supported by any evidence in the record." *State v. Cazarez- Hernandez*, 280 Or App 312, 315, 381 P3d 969 (2016). *Id*. However, we determine as a matter of law whether those facts are sufficient to meet the constitutional standards. *Id*.

Before trial, defendant moved to suppress his post-*Miranda* statements, arguing that they were obtained without a valid waiver of his rights. Specifically, he contended that "due to his extreme intoxication and his lack of proficiency in the English language," he could not knowingly and intelligently waive his rights to counsel and to remain silent at that time.

At the suppression hearing, the officer testified that he encountered defendant sleeping at the wheel of a van. The police officer observed that half of the van was parked on the sidewalk and that the other half was in a striped "no parking zone." As the officer approached the van, he could smell the odor of alcohol emanating from the open front window. The officer recorded the portion of the conversation when he asked defendant where he was coming from, where he was headed, and whether he had been drinking. Defendant

---

[1] The motion to suppress pertains only to the DUII conviction. Defendant does not challenge the driving while suspended conviction.

responded that he had been at a friend's house and that he drank "half a bottle" of alcohol. The officer thereafter found about half a bottle of spiced rum in the van, near the center console. Although defendant agreed to perform field sobriety tests, the officer stopped the tests for defendant's safety because defendant could not stand up on his own. The officer then placed defendant under arrest.

The officer also testified that after he placed defendant in a temporary booking cell, he gave defendant *Miranda* warnings and asked defendant if he understood his rights. According to the officer, defendant responded, "I do."[2] The officer then questioned defendant, and defendant was recorded saying that he was drunk and that he knew he broke the law "by drinking and driving." Defendant also agreed to provide a breath sample and his blood alcohol content was measured as 0.27. The officer further testified that defendant appeared intoxicated and slurred his words. The trial court denied defendant's motion.

On appeal, defendant renews the arguments that he made before the trial court. In response, the state argues that the evidence in the record shows that defendant understood the officer's questions, that he "provided no verbal cues indicating that he did not understand as [the officer] read him [his *Miranda*] rights," and that "his intoxication was not so extreme that he did not understand that he was waiving his rights." Specifically, the state notes that defendant responded appropriately to the officer's questions was able to remember his phone number and recite it, and asked to be allowed to smoke a cigarette.

Here, the trial court was required to determine by a preponderance of the evidence whether defendant's post-*Miranda* statements were made voluntarily after a knowing and intelligent waiver of his rights. *See Cazarez-Hernandez*, 280 Or App at 317 ("[T]he state bears the burden of proving by a preponderance of the evidence that the defendant made a knowing, intelligent, and voluntary waiver before any statement will be admissible.").

---

[2] We observe that defendant speaks with a heavy accent and that an interpreter assisted defendant at the hearings.

The trial court made the following express findings about defendant's English comprehension. Defendant was looking at the officer when the officer advised him of his rights and was able to hear the officer. When the officer asked defendant if he understood, defendant said, "I do." Defendant also responded appropriately "and with some sophistication" to questions during booking. According to the trial court, "the recordings established that [defendant] understood everything that was being said to him at the police station, and that includes the unrecorded advising of his Miranda rights."

The trial court made the following express findings about defendant's level of intoxication. Defendant was "able to articulate his wants and desires." He asked for a cigarette and for water. He was able to remember and explain when he last ate and why he had not eaten all day. He was able to recall and explain why he was drunk. The court also found that defendant was suffering "emotional anguish" because he was going through a divorce and that he drank to calm himself down. The court again noted that defendant responded appropriately to questions and determined that defendant "was not so extremely intoxicated that he could not understand his constitutional rights." After considering defendant's English comprehension and intoxication—both separately and combined—the trial court found that all of defendant's post-*Miranda* statements "were the product of a free will and rational thought."

Having reviewed the record, we conclude that the trial court's findings are supported by sufficient evidence. Consequently, we conclude that the facts as the trial court found them satisfy constitutional requirements for a voluntary, knowing, and intelligent waiver. The trial court, therefore, did not err by denying defendant's motion to suppress.

Affirmed.